OPINION AND JOURNAL ENTRY
{¶ 1} On December 21, 1993, appellant was sentenced to a one year definite sentence after his guilty plea to receiving stolen property and a consecutive sentence of seven (7) to fifteen (15) years after his guilty plea to robbery. It is noted that although the sentencing entry clearly states the sentences were to be served consecutively, the criminal disposition sheet signed by the trial judge notes that the sentences were to be run concurrently. The pleas were entered after negotiations wherein the state dropped one count of receiving stolen property and one count of robbery. No timely direct appeal was ever filed. A motion for shock probation was denied on August 16, 1994. Subsequently, on July 29, 1997, the trial court (a different common pleas judge) filed a judgment entry overruling appellant's motion to withdraw his guilty plea. A pro-se notice of appeal was thereafter filed on August 15, 1997 and assigned appeals case No. 97-JE-48.
 {¶ 2} The clerk's docket record reflects that on September 19, 1997 this court put on an order, pursuant to a request from appellant, holding the appeal in abeyance since the appellant had filed for reconsideration of the order denying his motion to withdraw the guilty plea. Appellant had filed for reconsideration on the basis that the crimes he was convicted and sentenced on had merged, since they pertained to the same victim and theft of that victim's vehicle. In the entry denying the motion to withdraw guilty plea the trial court had indicated that the counts on which appellant had been convicted related to separate victims. Appellant was contending that the record clearly demonstrated that it was the same victim and the robbery and receiving stolen property counts merged. There is no documentation in the record before this court whether the motion for reconsideration was later ruled upon by the trial court.
 {¶ 3} On the record before this court, it cannot be determined whether the penal institution recorded the sentences to be served consecutively, pursuant to the sentencing entry, or concurrently pursuant to the hand-written entry on the criminal disposition sheet signed by the trial court. In any event, such issue is moot for the reason that appellant was released on parole on May 12, 1999, after serving less than six (6) years in prison.
 {¶ 4} Appeals case No. 97-JE-59 was commenced on October 14, 1997 when pro-se appellant filed another notice of appeal. The judgment appealed by such notice was the original sentencing entry of December 21, 1993. Shortly after filing the notice of appeal, appellant filed a withdrawal of his notice of appeal, stating that he had failed to comply with App.R. 5 regarding delayed appeals and that he would refile in compliance with the rule. On November 26, 1997, this court held the appeal in abeyance for sixty (60) days to afford appellant an opportunity to comply with App.R. 5. Thereafter, on January 26, 1998 appellant filed a motion for delayed appeal with a supporting memorandum as to why he failed to timely file a direct appeal after imposition of sentence. The motion was supported by appellant's affidavit that the trial court failed to inform him of his right to appeal and that his defense counsel specifically told him that he could not appeal. At the same time he filed his motion for delayed appeal, appellant filed a motion to strike his motion to withdraw the appeal, as he was now in compliance with App.R. 5(A) regarding delayed appeals.
 {¶ 5} On February 11, 1998, this court granted a delayed appeal, ordered production of the guilty plea and sentencing hearing transcripts and assigned counsel to assist appellant in his appeal. On June 26, 1998, assigned counsel filed a motion to withdraw as counsel for failure of appellant to respond to numerous letters she had sent him regarding the prosecution of his appeal. On August 6, 1998, this court granted counsel's request to withdraw from any further representation of appellant. The order also directed appellant to advise this court whether he desired the appointment of substitute counsel, whether he desired to proceed under self-representation, or whether he no longer wished to pursue his appeal. Appellant failed to respond to the order and filed nothing further in the prosecution of his appeal. He was paroled within nine months after he was mailed a copy of the August 6, 1998 journal entry.
 {¶ 6} Based on the fact that appellant filed his own notice of appeal in both cases, as well as a series of motions and pleadings in order to be granted a delayed appeal, the record is self-evident that appellant had the knowledge and ability to comply with this court's directive to advise this court on the prosecution of his appeal. The lack of a response leads to the reasonable conclusion that appellant has abandoned his appeals.
 {¶ 7} This conclusion is reinforced by the fact that the criminal disposition sheet reflects that appellant was to serve his sentences concurrently and he was released after serving less than the minimum term on the more serious of the felonies of which he was convicted.
 {¶ 8} The clerk's docket record reflects that appellant has not filed assignments of error and brief or taken any further action to prosecute his appeals in accordance with the Ohio Rules of Appellate Procedure. Accordingly, these appeals are dismissed under App.R. 18(C) for want of prosecution.
 {¶ 9} Costs taxed against appellant.
Donofrio, J., Vukovich, J., and Waite, J., concur.